IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TIMOTHY GRAYHAM, ANGELINA GRAYHAM ALEXANDRIA GRAYHAM, AUSTIN GRAYHAM AARON GRAYHAM, <br><br> Plaintiffs, <br><br> v. <br><br> FANNIE MAE CORPORATION, REAL PROPERTY MANAGEMENT CORPORATION, REAL PROPERTY MANAGEMENT PORTLAND, <br><br> Defendants. | Civil No. 11-6194-HO <br><br> ORDER |

Plaintiffs bring this action asserting violation of their rights as tenants in foreclosure. Plaintiffs filed their complaint on June 9, 2011. After some issues with service, defendant Fannie Mae filed an answer on October 11, 2011 asserting affirmative defenses of no private cause of action under the Protecting Tenants

1 - ORDER

at Foreclosure Act (PTFA) and claim preclusion. On October 31, 2011, plaintiffs filed a motion to dismiss defendant Fannie Mae's "counterclaims."

Defendants Real Property Management Corporation and Real Property Management Portland filed motions to dismiss on November 14, 2011. On November 16, 2011, defendant Fannie Mae filed a motion for judgment on the pleadings. Instead of responding to those motions, plaintiffs filed a motion to amend their complaint on December 7, 2011.[1]

The court initially set oral argument on the motions against the complaint, but vacated argument until a determination could be made on the motion to amend. Plaintiffs' subsequent pleadings and lack of formal responses to the dispositive motions demonstrate that oral argument is not necessary and that the complaint should be dismissed for the reason stated below.

The operative complaint (#2) alleges in support of the first claim:

> On or about June 29, 2010, and currently, Fannie Mae Corporation, Real Property Management Corporation and Real Property Management Portland, did knowingly [violate] plaintiff's federal rights as bona fide [tenants] in foreclosure.
> Plaintiffs have suffered monetary and property loss.
> Plaintiffs have suffered by not having use of the quiet, enjoyment of their home.

The Complaint alleges in support of the second claim:

---

[1] Plaintiffs again moved to amend on January 3, 2011, to change the caption to reflect that plaintiffs Austin and Aaron Graham are minors represented by their parents, plaintiffs Timothy and Angela Graham. This motion appears to be prodded by defendants response to the motion to amend although plaintiffs have not filed a reply in support of the original motion to amend.

2 - ORDER

> On or about June 29, 2010, and currently, defendants have retaliated against plaintiffs by threatening eviction when plaintiff's invoked their federal rights.
> Plaintiffs have suffered by not having use of the quiet enjoyment of their home.
> Plaintiffs have suffered monetary and property losses.

And the complaint alleges in support of the third claim:

> On or about June 29, 2010, and currently, defendants have caused serious health and safety conditions.
> Plaintiffs have suffered by not having use of the Quiet enjoyment of their home.
> Plaintiffs have suffered monetary and property losses.
> Plaintiffs have suffered physical and emotional losses.
> Plaintiffs have suffered public embarrassment.

All defendants assert lack of subject matter jurisdiction and failure to state a claim due to a lack of private cause of action under the PTFA. In addition, defendant Fannie Mae asserts claim preclusion and defendant Real Property Management asserts insufficient service of process.

In the motion to amend (#50), plaintiff submits a proposed amended complaint with various attachments including exhibit 174 which is a stipulated order regarding a residential eviction complaint filed by Fannie Mae in Deschutes County. The stipulation, approved by Circuit Court for the State of Oregon, for the County of Deschutes, demonstrates that plaintiffs Timothy and Angelina Graham agreed to an order of immediate restitution of the subject premises with a stay of execution until October 11, 2011. Fannie Mae asserts that the appropriate time to raise the protections of the PTFA was during the FED proceedings.

The PTFA is a federal law that provides protections to bona

3 - ORDER

fide tenants of property subject to foreclosure. Pub.L. 111-22, Div. A, Title VII, § 702. The PTFA's provisions do not create a federal claims either explicitly or implicitly. See <u>Wescom Credit Union</u>, 2010 WL 4916578, at *3. The district court in <u>Nativi v. Deutsche Bank Nat. Trust Co.</u>, 2010 WL 2179885 (N.D.Cal. May 26, 2010), analyzed the congressional record and text of the PTFA, and concluded that no private right of enforcement was implied. 2010 WL 2179885, at *3. Specifically, the <u>Nativi</u> court quoted Senator Gillibrand's statement that the PTFA was intended "to give local governments and States the tools they need to tackle this housing crisis." <u>Id</u>. (quoting 155 Cong. Rec. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand)). Additionally, by its plain text, the PTFA is focused on providing additional or supplemental protections to state or local laws. <u>See</u> Pub.L. No. 111-22, § 702, 123 Stat. 1660 (2009) ("[N]othing under this section shall affect the requirements for termination of any Federal-or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.").

The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence. offer plaintiffs a federal defense to an unlawful detainer action where the party bringing the FED complaint fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction. <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005). As a result, not only do plaintiffs

4 - ORDER

fail to allege a cause of action in the operative complaint, plaintiffs fail to allege a basis for jurisdiction in this court. Defendant Fannie Mae is correct that the protections afforded plaintiffs by the PTFA should have been raised in the FED action.

The court also agrees, for the reasons stated in defendant Property Management, Incorporated's motion and supporting documents (#39), that plaintiffs failed to provide sufficient service of process on that defendant.

In plaintiff's proposed amended complaint, plaintiffs still plead claims under the PTFA and add allegations of violation of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs also add allegations regarding other federal statutes which do not provide a cause of action. See 16 U.S.C. § 1692 (Congressional Findings and declaration of purpose regarding debt collection practices); 18 U.S.C. § 875 (criminal statute regarding extortion). Plaintiffs also add allegations regarding state law claims of negligence for failure to comply with duties imposed by state and federal law.

As to plaintiff's purported Fifth and Fourteenth Amendment claims, The Constitution's protections apply in general only to action by the government. National Collegiate Athletic Assn. v. Tarkanian, 488 U.S. 179, 191 (1988). The Constitution structures the national government, confines its actions, and, in regard to certain individual liberties and other specified matters, confines the actions of the States. With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees

5 - ORDER

of individual liberty and equal protection do not apply to the actions of private entities. Id.; Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). Accordingly, plaintiff cannot assert claims based on violations of the United States Constitution. Moreover, plaintiffs fail to allege a cause of action for violation of any purported constitutional rights such as under 42 U.S.C. § 1983. Accordingly, plaintiff's proposed amended complaint also lacks a jurisdictional basis and amendment would therefore be futile.

## CONCLUSION

For the reasons stated above, the motions for judgment on the pleadings (#43) and to dismiss (#40 and #39) are granted. In addition, plaintiff's motion to dismiss counterclaims (#31) is denied and plaintiffs' motions to amend (#50 and #70) are denied. All other pending motions are denied as moot and this action is dismissed.

DATED this 8th day of January, 2012.

Michael R. Hogan
United States District Judge

6 - ORDER